IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph A. Saraceni d/b/a Saraceni Construction d/b/a Joseph Saraceni Construction d/b/a Joe Saraceni Construction<br>Debtor | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4<br>Movant<br>vs. | NO. 17-11397 AMC<br><br>11 U.S.C. Sections 362 and 1301 |
| Joseph A. Saraceni d/b/a Saraceni Construction d/b/a Joseph Saraceni Construction d/b/a Joe Saraceni Construction<br>Debtor | |
| Rosemary E. Saraceni    Co-Debtor | |
| William C. Miller Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$7,402.73**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2017 to January 2018 at $1,452.47/month<br>February 2018 to March 2018 at $1,508.78/month<br>April 2018 at $1,598.81/month |
| Suspense Balance: | $118.58 |
| **Total Post-Petition Arrears** | **$7,402.73** |

2.  The Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$2,000.00.**

b). Beginning on May 1, 2018 and continuing through October 1, 2018, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$1,598.81** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month, plus an installment payment of **$900.46 from May 2018 to September 2018 and $900.43**

for **October 2018** towards the arrearages on or before the last day of each month at the address below;

**Select Portfolio Servicing, Inc.**
P.O. Box 65450
Salt Lake City, UT 84165

    c).  Maintenance of current monthly mortgage payments to the Movant thereafter.

  3.  Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

  5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

  8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

  9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:  April 26, 2018         By: */s/ Rebecca A. Solarz, Esquire*
                    Rebecca A. Solarz, Esquire
                    Attorney for Movant

Date: 5/7/18

_____
Stanley E. Luongo
Attorney for Debtors(s)

Date: 5-7-18

JACK _____
William C. Miller
Chapter 13 Trustee      No objection

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan